In the Matter of HAROLD F. POWELL, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION and the BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, May 11, 1965.

*Henry Weiner* (*Walter H. Schulman* with him on the brief), attorney for petitioner.

*Leonard Feldman* for respondent.

*Per Curiam.* Respondent was admitted to practice June 21, 1950 in the Appellate Division, First Department. In 1954, after having practiced as a single practitioner, he formed a partnership with another lawyer which relationship continued into 1957.

Nine charges were filed against the respondent by the petitioner Co-ordinating Committee. Numerous specifications under certain of the charges and one charge were withdrawn. Charges 2, 3, 6 and, in part, Charge 4 were not sustained. We agree with and affirm the disposition of the Referee.

Respondent was charged in one instance with aiding and abetting an unlawful and improper solicitation on behalf of another attorney in violation of canons 27 and 28 of the Canons of Professional Ethics. The learned Referee sustained this charge and we affirm. In two instances it was charged and found that respondent had submitted false bills of particulars. Though the bills were prepared by another, a young attorney, the responsibility for the case, and consequently the conduct of such attorney, was that of the respondent. The Referee so found and we agree.

The fifth charge of sharing legal fees with two lay adjusters from 1954 to 1959 was supported by clear and convincing proof and indeed was not denied by respondent. The contention that respondent did not know these persons were not attorneys was properly rejected.

The eighth charge of operating a mass negligence practice as a partner in a firm and later individually, based in large measure upon improper solicitation of personal injury cases, was sustained. It was conceded that in a 10-year period, 1951–1961, the partnership and the respondent filed 1,749 statements of retainer involving 2,409 personal injury claimants. Respondent personally filed 984 retainers involving 1,319 claimants. In an analysis of the sources, the Referee pointed out that 3 insurance brokers referred 384 accident cases and 5 doctors 203 cases. There were other figures equally significant. Additionally, the arrangement between respondent and at least 1 physician in the disposition of cases was improper and in violation of canon 28. The entertainment expense and the " court and other costs " for a firm of this size were found disproportionate to the nature of their business. The entire charge was sustained and we agree.

The last charge of refusal to co-operate with the committee was sustained. We would modify to limit the period of non-co-operation from on or about November, 1959, and as so modified affirm.

While respondent's conduct has not resulted in financial loss to his clients it has been unethical, and not in conformity with the standards demanded as a member of the Bar. (*Matter of Kreisel*, 21 A D 2d 431.)

Respondent should be suspended for one year.

BREITEL, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Respondent suspended for a period of one year, effective June 14, 1965.